## MEYER v SPIESS

Ohio Appeals, 1st Dist, Hamilton Co

No 4481. Decided Jan 22, 1934

Closs & Closs, Cincinnati, for plaintiff in error.

Henry L. Kelsch, Cincinnati, for defendant in error.

## OPINION

By ROSS, J.

Motion to dismiss the petition in error in this court is based upon the following grounds: First, no bond was given staying execution upon the judgment in the Common Pleas Court against plaintiff in error. This is ground for proceeding to execution upon the judgment, but not ground for a dismissal of the petition in error. Second, it is claimed that the petition in error should be dismissed because no bill of exceptions has been filed. The Supreme Court has held this not a ground for such action. **Townsend v Harrison, 58 Oh St, 398. State ex Porter, a taxpayer v Clark et, 112 Oh St, 133, 135. Blair, Supt. of Banks v Union Savings Bank of Bryan, 119 Oh St, 142.** 2 Ohio Juris., 579, 580, and supplement.

While the case of **Detroit, Toledo & Ironton Rd. Co. v Blaum, 120 Oh St, 612,** throws some doubt upon the earlier ruling, we consider at least the better practice to refuse to dismiss for the reason mentioned, especially when there are matters of error that can be raised without a bill of exceptions.

Third, it is claimed the case is now moot, the judgment having been satisfied by the surety. If there were presented properly a valid assignment of error to the judgment against the plaintiff in error, the fact that the surety had paid a judgment against him upon his bond would not render moot the original action, since the plaintiff in error would have a right to have such judgment set aside.

The motion to dismiss the petition in error is overruled.

Upon the merits, it is claimed that the Court of Common Pleas had no jurisdiction to hear the appeal from the justice of the peace, the pleadings upon appeal from the justice's court not having been filed in time. It has been frequently held that a failure to object by motion, will prevent any claim upon such ground being asserted after judgment. 2 **Ohio Juris., 562. Trumbull Savings & Loan Co. v Saviers et, 115 Oh St, 403. Union Trust Co. v Lessovitz et, 122 Oh St, 406.** While the authorities noted refer to appeals from other courts than that of a justice of the peace, the analogy is present and the rule obviously the same.

It is asserted that no authority was present in the attorney for plaintiff in error to waive a jury. It is possible to waive a jury by conduct as well as by express stipulation. It appears that the plaintiff in error was represented by counsel, and that a trial without a jury was had. We are unable to tell what occurred in the court below, and, in the absence of a showing to the contrary, must give full effect to the journal entry of the court.

Questions of fact are also here involved. In the absence of a bill of exceptions, we can not pass upon a dispute which tends to question the verity of the journal entry of the court. The same applies to the motion to vacate the judgment.

For the reasons stated, we find no prejudicial error in the case as presented, and affirm the judgment of the Court of Common Pleas.

HAMILTON, PJ, and CUSHING J, concur.